**RI HONG GAO, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–1192–ag.

United States Court of Appeals, Second Circuit.

Dec. 8, 2006.

Chun W. Wong, New York, NY, for Petitioner.

Bradley J. Schlozman, United States Attorney for the Western, District of Missouri, Frances Reddis, Assistant United States Attorney, Kansas City, MO, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Ri Hong Gao petitions for review of the BIA's February 2006 decision in which the BIA affirmed Immigration Judge ("IJ") Paul A. Defonzo's order denying Gao's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering her removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d

Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004)

Upon review of the record, the IJ's adverse credibility determination and denial of asylum relief was supported by substantial evidence. The IJ properly found that Gao's testimony was inconsistent with the letter allegedly submitted by her mother in at least two critical respects— the extent of her involvement in her mother's religious activities and whether the Chinese authorities were pursuing her for her involvement in unregistered Christian activities. Gao's testimony also was inconsistent with the information that she, with the help of her attorney, included in her Request for Asylum, Form I–589. These inconsistencies involved issues that were material to her asylum claim—specifically, whether Chinese officials were pursuing her and whether she had to hide from the authorities. Gao's explanations for the inconsistencies is her claim do not compel a reasonable adjudicator to conclude that she was credible and asylum relief was appropriate.

Because the IJ's credibility determination is supported by substantial evidence, we affirm the BIA's decision affirming the IJ's denial of asylum and withholding. Furthermore, because Gao did not raise her claim for CAT relief in her brief before the BIA, she failed to exhaust her remedies with respect to that claim, and this Court lacks jurisdiction to review them. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dept. of Justice*, 433 F.3d 332, 343 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.